IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Reginald C. Sweat, #257472, ) | Civil Action No: 9:11-1706-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Warden Cecilia Reynolds and Ms. Christina ) | |
| Long, in their official and individual ) | |
| capacities ) | |
| ) | |
| Defendants. ) | |

Plaintiff Reginald C. Sweat ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action on July 15, 2011, pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights that allegedly occurred while he was housed at Kershaw Correctional Institution ("KCI") in the Special Management Unit ("SMU"). (ECF No. 1.) Defendants, Cecilia Reynolds, who was the Warden of KCI, and Christina Long, who was a Classification Case Manager at KCI, ("Defendants") deny Plaintiff's allegations and have moved for summary judgment. (ECF Nos. 14 & 41.)  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina this was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On February 10, 2012, Magistrate Judge Marchant issued a Report and Recommendation ("Report") recommending that this action be dismissed. (ECF No. 98.) The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and of the serious consequences if they failed to do so. (Id. at 16.) Plaintiff objects to the Report. For the reasons set forth herein, the Court adopts the Report as modified and grants

1

Defendants' motion for summary judgment.

## **BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law and the Court incorporates them and summarizes below in relevant part. At the time this complaint was filed, Plaintiff was an inmate at KCI in Kershaw, South Carolina. Plaintiff contends, that following a riot between Muslims and Folk gang members, he was transferred to the SMU unit at KCI. Plaintiff further contends that on November 24, 2010, he was placed in the same cell as his "pursuer," James Furlow. ("inmate Furlow.") (ECF No. 1 at 2.) Plaintiff indicates that he and inmate Furlow were the primary parties responsible for the fighting and should not have been housed together. Plaintiff contends that he complained to Defendant Long that he and inmate Furlow should not be housed together and informed Long that if he was assaulted he "would sue." (*Id.* at 1.) Plaintiff alleges that over a two month period, he wrote numerous letters to Defendant Reynolds, a Chaplin, and a psychiatrist indicating that he and inmate Furlow wanted to be separated. (*Id.*)

Plaintiff contends that he was assaulted on three separate occasions while housed with inmate Furlow. Plaintiff further contends that he spoke with Associate Warden Washington following the first assault and Associate Warden Washington indicated Plaintiff would be moved. However, Plaintiff was not moved and remained in the same cell with inmate Furlow until Plaintiff's release into the general population on or about July 8, 2011. On February 8, 2011, Plaintiff filed a Step 1 grievance regarding his cell assignment with inmate Furlow. Plaintiff's grievance was denied on March 9, 2011. Thereafter, on March 10, 2011, Plaintiff filed a Step 2 grievance. On July 15, 2011, Plaintiff filed this action alleging Defendants displayed deliberate indifference to a known risk of harm towards

2

Plaintiff. (ECF No.1.) At the time Plaintiff filed this action, Plaintiff had not received a decision on his Step 2 grievance.

## REPORT AND RECOMMENDATION AND OBJECTIONS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a de novo determination of any portions of the Report to which a specific objection is made. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47–48 (4th Cir.1982). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Upon review, Magistrate Judge Marchant recommended that Defendants' motion for summary judgment be granted due to Plaintiff's failure to exhaust his administrative remedies and in the alternative that Plaintiff's motion for summary judgment be granted due to Plaintiff's failure to present evidence sufficient to create genuine issue of fact as to whether Defendants were deliberately indifferent to a known risk of harm to Plaintiff. The Magistrate Judge noted that four months had passed since Plaintiff filed his Step 2 grievance and the filing of this lawsuit. Therefore, in the alternative, the Magistrate Judge recommended that, if the Court deemed that Plaintiff had exhausted his administrative remedies, summary judgment should be granted due to Plaintiff's failure to set forth a claim

3

for deliberate indifference.

Plaintiff objected to the Magistrate Judge's Report and has submitted multiple documents that set forth his objections including, a first set of objections on February 21, 2012 (ECF No. 100); a second set of objections on February 22, 2012 (ECF No. 103); a third set of objections on February 27, 2012 (ECF No. 104); a fourth set of objections on March 2, 2012 (ECF No. 105); and a fifth set of objections on March 20, 2012. Plaintiff has also voiced his opposition to the Magistrate Judge's recommendation in declarations filed on March 6, 2012 (ECF No. 106); a declaration filed on March 8, 2012 (ECF No. 107); a declaration filed on March 14, 2012 (ECF No. 109); a declaration filed on March 23, 2012 (ECF No. 112); a declaration on March 26, 2012 (ECF No. 114); two declarations on April 2, 2012 (ECF Nos. 116 & 117); a declaration filed on April 3, 2012 (ECF No. 118); a declaration filed on April 5, 2012 (ECF No. 120); a declaration filed on April 23, 2012 (ECF No. 125); a declaration filed on April 25, 2012 (ECF No. 127); and a declaration filed on June 18, 2012 (ECF No. 134.)  Upon review, the Court finds that many of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. The Court, however, was able to glean two specific objections from Plaintiff's submissions which are: (1) The Magistrate Judge erred in recommending summary judgment on his deliberate indifference claim, and, (2) The Magistrate Judge erred in concluding Plaintiff had failed to exhaust his administrative remedies.

## **SUMMARY JUDGMENT**

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a

matter of law." F.R.Civ.P. 56(a).  In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts."  *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987).  When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.*  The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324.  Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.*  Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the nonmoving party's case*. Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir.2002).  Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R. Civ. P. 56(c)(1).

## **DISCUSSION**

Plaintiff alleged that Defendants were deliberately indifferent to a known risk of harm in violation of his Eighth Amendment rights. Defendants moved for summary judgment and asserted several grounds for relief including, that Plaintiff failed to exhaust his administrative remedies prior to filing this action and, Plaintiff has failed to create a genuine issue of material fact as to whether Defendants demonstrated deliberate indifference to a known risk of harm to Plaintiff.

**1. Exhaustion of Administrative Remedies**

Defendants argue they are entitled to summary judgment due to Plaintiff's failure to exhaust his administrative remedies prior to filing this action. Defendants assert that Plaintiff filed a Step 1 Grievance and later a Step 2 Grievance, but he did not wait for a final determination of the Step 2 Grievance prior to filing this action. (ECF No. 41 at 4.)  Plaintiff does not dispute that he did not exhaust his administrative remedies.  In his objections, Plaintiff argues that this case should not be dismissed on exhaustion grounds because he "made a good faith effort" to exhaust his remedies prior to filing this action. (ECF No. 104 at 1 & 125 at 1.)

Exhaustion of administrative remedies prior to bringing a federal law suit is required by 42 U.S.C. § 1997e(a) (stating "No action shall be brought with respect to prison conditions under Section 1983 of this Title or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted").  A prisoner has not exhausted all of his administrative remedies by "failing to follow the required steps so that remedies that once were available to him no longer are."  *Moore v. Bennette,* 517 F.3d 717, 725 (4th Cir.2008).  Exhaustion requires

that the prisoner utilize all available procedures so that prison officials have the opportunity to remedy the situation administratively. *Id.*

In order to exhaust the SCDC administrative remedy process, after unsuccessful attempts at informal resolution of the problem(s), (1) an inmate must fill out a Form 10–5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen days of the alleged incident; (2) the grievance must then be entered into SCDC's automated system, and the Institutional Inmate Grievance Coordinator ("IGC") notified so that the information in the automated system can be finalized and an attempt to informally resolve it before sending it to the Warden can be made within ten working days from the time the grievance is submitted; (3) the Warden should respond to the inmate in writing within forty days of the Warden's receipt of the Step 1 grievance and then the IGC has five working days to provide the Step 1 response to the inmate; (4) the inmate may then appeal the Warden's response by completing a Form 10–5a (Step 2 Appeal) and submitting it to the IGC within five "calendar days" of the inmate's receipt of the response; (5) the IGC then notifies the Inmate Grievance Branch of the Step 2 appeal and the Branch has another five "calendar days" to get the Step 2 appeal to the responsible SCDC official (the Division Director of Operations) for a response; (6) the Division Director of Operations then has sixty days from the day the appeal was received by the IGC at the institution to respond to the Step 2 grievance, and finally, (7) then there is another five days for the IGC to serve the inmate with the Step 2 response. SCDC Policy/Procedure GA–01.12, at §§ 11, 13.1–13.6 (Oct. 1, 2010). The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.* at § 13.6.

In the instant action, Plaintiff filed a Step 1 Grievance on February 8, 2011, requesting that he be transferred from to a different cell on the grounds that he and his roommate were members of rival gangs. (ECF No. 41-11 at 1.) Plaintiff's Step 1 Grievance was reviewed and denied on March 9, 2011. (*Id.* at 2.) Plaintiff filed a Step Two Grievance on March 10, 2011. (ECF 41-12.) At the time Plaintiff filed this action, no response had been given to Plaintiff's Step 2 Grievance.

The Court is aware that no bright line rule exists for determining what constitutes a reasonable response time to an inmate grievance, and what time period constitutes a wait so unreasonable that an inmate who has received no response can be said to have exhausted all administrative remedies. Such an inquiry inherently depends on a thorough, holistic examination of the totality of the circumstances in which the filing and response of the grievance took place.

Courts in other circuits have found that administrative remedies are considered exhausted when prison officials fail to timely respond to a properly filed grievance. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir.2004) ("[A]dministrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance."); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir.2002) ( "[T]he failure [of prison officials] to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable."); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir.2002) (stating that prison's failure to timely respond renders administrative remedies unavailable); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir.2001) ("[O]nce [the prison] failed to respond to [the prisoner's written grievance], no further administrative proceedings were 'available' to him."); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir.1999) (per

8

curiam) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired.")

In this matter, Plaintiff filed his Step 2 Grievance on March 10, 2011. More than 150 days had elapsed between the time Plaintiff filed his Step 2 grievance and the time he filed this action on July 15, 2011. Defendants have not asserted or presented anything to show that an extension of time to process the Grievance was granted or that some exception applies. Thus, for summary judgment purposes, Plaintiff has shown genuine issues of material fact as to whether Defendants hindered his ability to exhaust his administrative remedies.

**2. Deliberate Indifference/Failure to Protect**

Defendants contend that they are entitled to summary judgment on Plaintiff's claim that Defendants have been deliberately indifferent to his needs under the Eighth Amendment for failing to protect him from harm. In the Report, the Magistrate Judge recommending granting Defendant's motion for summary judgment. Plaintiff objects to the Magistrate Judge's recommendation.

The Court applies the deliberate indifference standard in assessing failure to protect claims. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "'[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" Id. at 833. "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Id.* at 832. However, not every injury suffered by one inmate at the hands of other inmates constitutes liability for the prison officials responsible for the victim's safety. *Id.* at 835. A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate

9

violates the Eighth Amendment. *Id.* at 828. "[A] prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregard that risk. Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

Plaintiff objects to the Magistrate Judge's determination that he has not set forth evidence showing that Defendants were deliberately indifferent to his needs in housing him with inmate Furlow. According to Plaintiff, Defendants knew that Plaintiff and inmate Furlow should not be housed together. Plaintiff argues that he complained to multiple individuals, including Defendants, that he was being subjected to harm by being housed with inmate Furlow. Plaintiff further argues that Defendants knew or should have know of the danger Plaintiff faced. Plaintiff also indicates that he sent letters to various individuals asking to be moved to a different cell and filed grievances asking to be moved. The Magistrate Judge concluded that other than Plaintiff's own general and conclusory assertions that he should not have been housed with inmate Furlow, there is no evidence, to show that inmate Furlow was a danger to Plaintiff. Plaintiff's conclusory statements and self-serving opinions without objective corroboration, is insufficient to stave off summary judgment. *See Evans v. Technologies Application & Service Co.*, 80 F.3d 954, 962 (4th Cir.1996).

In opposing summary judgment, Plaintiff also directs the Court to a November 23, 2010, Incident Report, a tape of a hearing and medical summaries as evidence that he and

inmate Furlow should not be housed together.  While Plaintiff contends the November 23, 2010, Incident Report identifies Plaintiff and inmate Furlow as "leaders of the gang fight," there is nothing in the Incident Report that indicates what gang each inmate is a member or, nor does the Incident Report indicate that any of the four inmates cannot be housed together.  (ECF No. 41-3.)   As to the tape that Plaintiff contends supports his alleged constitutional violations, the Court listened to the tape and finds no support for Plaintiff's claims.  The tape appears to be from a hearing wherein Plaintiff complains about being housed with inmate Furlow and Defendant Long indicates that the matter will be reviewed.  Thus, the hearing tape does not suggest that Plaintiff could not be housed with inmate Furlow.

Finally, as to Plaintiff's contention that he was assaulted on three occasions by inmate Furlow, Plaintiff submitted his medical summaries as evidence of the alleged assaults.  Plaintiff circled certain medical entries that he suggests are evidence treatment for the assaults that he contends occurred.  After reviewing the medical entries, including the items circled by Plaintiff, the Court finds the medical entries are not evidence of alleged assault. Instead, at most, the medical summaries indicate that Plaintiff was seen in medical for complaints arising out of joint and back pain caused by degenerative joint disease and arthritic changes.  (ECF No. 41-9.)

Defendants have submitted various documents in support of their motion for summary judgment on Plaintiff's claim of  deliberate indifference.  Among the documents submitted by Defendants was an affidavit from Defendant Long wherein she attests that the Security Detention Board and the Institution Classification Committee both approved Plaintiff's classification and housing in SMU.  (ECF No. 41-1.)  Defendants also submitted

an affidavit from Jason Hall ("Hall") who worked as a correctional officer in the SMU at KCI during the time Plaintiff was housed with inmate Furlow. (ECF No. 96.) Hall attests that he was not aware of any altercation or threats of harm between Plaintiff and inmate Furlow while they were housed together. (ECF No. 96-1 at 2.) Defendants also submitted copies of Plaintiff's cell assignment documentation. (ECF No. 41-2.) Upon review, these documents do not reflect security concerns over housing Plaintiff with inmate Furlow. (ECF Nos 41-2 & 41-4-7.) Further, as to Plaintiff's specific allegations of assault, Defendants submitted an affidavit from Nurse Pamela A. Phillips who attests that Plaintiff was not seen in medical for injuries from any alleged assault. (ECF No. 41-8.)

Upon review, the Court finds that Plaintiff did not want to be housed in the same cell with inmate Furlow. The record reflects that Plaintiff submitted requests and grievances asking to be moved to another cell. While Plaintiff does not have a constitutional right to choose where he will be housed or who will be his cellmate, Defendants cannot be deliberately indifferent to a known risk of harm to an inmate. *Slezak v. Evatt*, 21 F.3d 590 (4th Cir. 1994.) Here, Plaintiff has not come forth with evidence showing that inmate Furlow was a danger to Plaintiff; that inmate Furlow had threatened or assaulted Plaintiff; or that Defendants were aware that housing inmate Furlow with Plaintiff posed a substantial risk of harm. *Farmer*, 511 U.S. at 837.

## CONCLUSION

The Court has carefully reviewed the record, the Report, the applicable law and Plaintiff's objections. Upon review, the Court declines to adopt the portion of the Report that recommends granting Defendant's motion for summary judgment due to Plaintiff's failure to exhaust his administrative remedies. Instead the Court adopts and incorporates

by reference the portion of the Report recommending summary judgment due to Plaintiff's failure to present evidence creating a genuine issue of fact as to whether Defendants were deliberately indifferent to a known risk of harm to Plaintiff.

Accordingly, Defendants' motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED.   All other pending motions are deemed MOOT. This action is hereby DISMISSED.

IT IS SO ORDERED.

                                                    /s/ Mary G. Lewis
                                                   United States District Judge

Spartanburg, South Carolina
February 14, 2013